IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAYDER ABDUL HUSSEIN ALMOSAWI, d/b/a ALNAHRAIN MARKET & RESTAURANT CORP., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | NO. 3:18-cv-00481 <br> JUDGE RICHARDSON |

# **MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss ("Motion") (Doc. No. 13) the Complaint (Doc. No. 1) filed by Plaintiff Hayder Abdul Hussein Almosawi, doing business as Alnahrain Market & Restaurant Corp. Defendant, the United States of America, filed a memorandum in support of the Motion (Doc. No. 14). Plaintiff responded in opposition to the Motion (Doc. No. 17), and Defendant has replied (Doc. No. 18). As discussed below, the Motion relies on matters outside the pleadings and will be treated as a Fed. R. Civ. P. 56 motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d). Accordingly, the Motion runs afoul of Local Rule 56.01's requirements for summary judgment motions and will be denied without prejudice to refile.

## **FACTUAL BACKGROUND**[1]

Plaintiff, a Tennessee resident, is the sole proprietor of Alnahrain Market & Restaurant Corp., a business located at 4732B Nolensville Pike, Nashville, TN 37211. (Doc. No. 1 at 1 ¶2). Since approximately 2004, the Food and Nutrition Service ("FNS") of the United States

---

[1] The facts as stated are taken from the complaint and accepted as true for purposes of the Motion.

Department of Agriculture ("USDA") has authorized Plaintiff to participate in the Supplemental Nutrition Assistance Program ("SNAP"). SNAP enables Plaintiff's business to receive and be reimbursed for customer purchases made via Electronic Benefits Transfer ("EBT") cards. (*Id.* at 2 ¶6, 3 ¶12). Participation in SNAP is integral to Plaintiff's business; approximately 90% of Plaintiff's customers employ EBT. (*Id.* at 5 ¶30-31).

On April 26, 2017, Defendant issued Plaintiff a letter charging him with "trafficking" (as defined by 7 C.F.R. 271.2), based on findings of a preceding investigation. (Doc. No. 1 at 4 ¶15); (Doc. No. 17 at 2). Following subsequent appeals and review, Defendant issued a Final Agency Decision ("FAD") on the charges,[2] which permanently disqualified Plaintiff from participation in SNAP. (*Id.* at 2 ¶7). Plaintiff changed counsel around the time the FAD was issued. (Doc. No. 17 at 2). Defendant erroneously mailed notice of the FAD to an invalid address for Plaintiff's prior counsel. (Doc. No. 1 at 3 ¶10); (Doc. No. 17 at 5). Plaintiff now seeks *de novo* judicial review of the FAD pursuit to 7 U.S.C. § 2023(a)(13). (Doc. No. 1 at 1 ¶1). This complaint was filed May 22, 2018, roughly 4 months after the FAD issued in January 2018. (*Id.*); (Doc. No. 17 at 3, 5).

Defendant contends this suit is time-barred by Plaintiff's failure to adhere to the 30-day filing requirement set forth in both 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a). Defendant

---

[2] Plaintiff's Complaint describes the FAD findings as:

(a) In a series of Supplemental Nutrition Assistance Program EBT transactions, there were an unusual number of transactions ending in a same cents value;
(b) In a series of Supplemental Nutrition Assistance Program EBT transactions, multiple purchase transactions were made too rapidly to be credible;
(c) In a series of Supplemental Nutrition Assistance Program EBT transactions, multiple transactions were made from individual benefit accounts in unusually short time frames;
(d) In a series of Supplemental Nutrition Assistance Program EBT transactions, the majority or all of individual recipient benefits were exhausted in unusually short periods of time;
(e) In a series of Supplemental Nutrition Assistance Program EBT transactions, excessively large purchase transactions were made from recipient accounts;

(Doc. No. 1 at 3 ¶14).

moves for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) should the filing deadline be construed as a jurisdictional limitation and, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6) should the filing deadline be deemed non-jurisdictional. Plaintiff responds by asserting that the filing deadline is non-jurisdictional, that the doctrine of "equitable tolling" is therefore available in this case, and that the Court should equitably toll the 30-day filing clock to allow Plaintiff's claim to proceed.

## MOTION TO DISMISS STANDARDS

I. RULE 12(b)(1) – SUBJECT MATTER JURISDICTION

Motions to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) generally come in two varieties: facial attacks and factual attacks. *Gentek Bldg. Products, Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. Id. If those allegations establish federally-cognizable claims, jurisdiction exists. *Id.*

A factual attack raises a factual controversy concerning whether subject-matter jurisdiction exists. *Gentek*, 491 F.3d at 330. Where there is a factual attack on the subject-matter jurisdiction of the Court under Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness applies to the complaint's allegations; instead, the Court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist. *Id.* In making its decision, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts. *Id.*; *see also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1192 (M.D. Tenn. 2017). As always, the party invoking federal jurisdiction

has the burden to prove that jurisdiction. *Global Technology, Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

In this case, Defendant makes a facial attack on subject-matter jurisdiction. Defendant's position is that, irrespective of the substance of Plaintiff's complaint, it was filed past both 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a)'s 30-day statute of limitations, thus rendering it insufficient to invoke federal jurisdiction. (*See* Doc. No. 14 at 5). This is a facial attack because its success or failure does not depend on the factual validity of any of the complaint allegations that otherwise might establish subject-matter jurisdiction. Accordingly, the Court need not and will not resolve the Motion by reference to any information outside of Plaintiff's complaint.

II. RULE 12(b)(6) – FAILURE TO STATE A CLAIM

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), cited in *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely consistent with the defendant's

liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id.* at 681. The question is whether the remaining allegations – factual allegations, i.e., allegations of factual matter – plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683.

**DISCUSSION**

The inquiry implicated by the Motion is twofold: whether 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a)'s 30-day filing requirement is a jurisdictional limitation, and, if not, whether equitable tolling of that requirement is appropriate given the circumstances enumerated by Plaintiff. The resolution of the first question makes disposal of the second imprudent given the form of the instant Motion.

I.    <u>JURISDICTIONAL IMPLICATIONS OF THE FILING REQUIREMENT</u>

A statutory time bar on filing suit is construed as either a limitation on a federal court's jurisdiction or as "a mere claim's processing rule." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). Equitable tolling, which Plaintiff seeks, is possible only in the latter instance; "a litigant's failure to comply with [a *jurisdictional* time] bar deprives a court of all authority to

hear a case," and the court must dismiss it out of hand. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015) (emphasis added). However, the Supreme Court has "made plain that most time bars are non-jurisdictional," and a finding otherwise requires a clear statement from Congress that the limitation has jurisdictional effect. *Id.* at 1632 ("we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much.") (quotations omitted). The Supreme Court recently has emphatically endorsed the continuing vitality of these principles in *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850-51 (2019). Among other things, the Court there noted that "'when Congress does not rank a [prescription] as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 1850 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. at 500 515–516 (footnote and citation omitted)).

The only case cited by the parties that interprets equitable tolling in the 7 U.S.C. §2023(a)(13) context, *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683 (S.D. Cal. 2016), concluded that there is no such congressional statement that the statute's 30-day requirement is jurisdictional.[3] In that case, the court analyzed the verbiage and structure of §2023(a)(13) to determine it is a "procedural roadmap instructing an aggrieved store on how and where to file a suit for judicial review" as opposed to a circumscription of the federal judiciary's authority. *Id.* at 692. This Court agrees, concluding that § 2023(a)(13)'s language immediately preceding the 30-day time limitation ("the store. . . aggrieved by such final determination. . . may obtain judicial review thereof by filing a complaint against the United

---

[3] Defendant's only briefing on the jurisdictional implication of § 2023's filing requirement states: "[p]rior to [*Kwai Fun Wong*] courts viewed the 30-day filing deadline. . . as jurisdictional. . . Since that decision, at least one court has found that the 30-day limitation. . . is not jurisdictional and [is] subject to equitable tolling." (Doc. No. 14 at 5-6). At no point does Defendant actually dispute that the filing requirement is non-jurisdictional. The Government's unwillingness to mount a meaningful opposition to equitable tolling's availability suggests that Defendant tacitly concedes its availability; certainly the Government's opposition falls short of the "high bar" the Government "must clear. . . to establish that a statute of limitations is jurisdictional." *Kwai Fun Wong*, 135 S. Ct. at 1632.

States") delineates a plaintiff's course of redress, not a court's authority to administer redress. The statute is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty.*, 139 S. Ct. at 1851. Thus, the Court holds the 30-day filing requirement is non-jurisdictional.

Absent a statutory deprivation of jurisdiction, suits against the United States are presumed to be subject to equitable tolling, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96(1990), and Defendant raises no other objections to that presumption. Therefore, Plaintiff's untimely claim is eligible for equitable tolling.

II. APPLICATION OF EQUITABLE TOLLING

The crux of Plaintiff's justification for equitable tolling is the mailing error, in the midst of Plaintiff's transition between counsel, in conjunction with his lack of English proficiency.[4] (*See* Doc. No. 17 at 5). A lack of notice attributed to the mailing error could potentially qualify as an "extraordinary circumstance," beyond Plaintiff's control, sufficient to entitle him to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) ("a 'petitioner' is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'") (quoting *Pace v. DiGuglielmo,* 544 U.S., 408, 418 (2005)).

Defendant responds to Plaintiff's mailing error argument by noting that § 2023's implementing regulation, 7 C.F.R. § 279.7, commences the filing requirement period on delivery of the FAD to the *firm* (here meaning Plaintiff's sole proprietorship), not the firm's counsel. (Doc.

---

[4] Plaintiff's language-barrier argument is unconvincing. If Plaintiff is sufficiently English-proficient to run a business in this district and seek and acquire SNAP eligibility in the first place, he presumably would be sufficiently proficient to identify an envelope from the USDA and hand it to counsel for translation and explanation—especially when he is aware that disposition of the FAD is pending. *Cf. Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002) (holding lack of English comprehension not cause for equitable tolling of habeas corpus statute of limitations).

7

No. 14 at 5). Defendant contends that, notwithstanding the mailing error to Plaintiff's prior counsel, *Plaintiff himself* received the FAD at his place of business in January. *Id.*

Defendant's argument, while seemingly meritorious, rests almost exclusively on extraneous evidence outside the pleadings; namely, Defendant's Exhibit 9 attached to the Motion. Because the filing requirement is non-jurisdictional (as discussed above), Defendant's Motion is properly construed as one pursuant to Fed. R. Civ. P. 12(b)(6) (dismissal for failure to state a valid claim for relief), not Fed. R. Civ. P.12 (b)(1) (dismissal for lack of subject-matter jurisdiction). A motion under 12(b)(6) is "generally confin[ed]" to "matters contained within the pleadings,"[5] and a 12(b)(6) motion that presents unexcluded matters outside the pleadings, "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). That is, if the Motion is to be considered on the merits, Defendant's Exhibit 9 must be considered, and the Court declines to exclude this exhibit in deciding the Motion. Accordingly, Defendant's motion is effectively one for summary judgment, and therefore will be denied for failure to comply with the Local Rules of this Court for filing such motions. *See* Local Rule 56.01.[6] The motion will be denied without prejudice, and Defendant will be free to refile its motion in accordance with the proper requirements.[7]

---

[5] *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009)

[6] Neither party has requested alternatively that the Court convert the Motion into one for summary judgment under Fed. R. Civ. P. 12(d) without the need to follow the procedures for Rule 56 summary judgment motions, and the Court declines to do so.

[7] The court has affirmatively decided that § 2023(a)(13) is subject to equitable tolling, so any further motion invoking 2023(a)(13) should focus on the applicability (or lack thereof) of equitable tolling under the facts of this case, not on whether the application of equitable tolling is categorically prohibited by law (which it is not).

## CONCLUSION

For the aforementioned reasons, Defendant's Motion will be treated, pursuant to Fed. R. Civ. P. 12(d), as one for summary judgment pursuant to Fed. R. Civ. P. 56. Accordingly, the Motion is denied, without prejudice to refiling, for failure to comply with Local Rule 56.01.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE