IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HAYDER ABDUL HUSSEIN ALMOSAWI )
d/b/a Alnahrain Market & Restaurant Corp. )
)
v. ) NO. 3:18-0481
)
UNITED STATES OF AMERICA )

**To: The Honorable Eli J. Richardson, District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 10, 2018 (Docket No. 15), this civil action was referred to the Magistrate Judge for customized case management in accordance with Local Rule 16.01. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that this action be dismissed.

### I. BACKGROUND

Plaintiff is a Tennessee resident who asserts that he is the sole proprietor of the Alnahrain Market & Restaurant, a business located in Nashville, Tennessee. Plaintiff alleges that an integral part of his business involves receiving reimbursement from the Supplemental Nutrition Assistance Program ("SNAP") for customer purchases made via Electronic Benefits Transfer cards. (*See* Complaint at Docket No. 1).

On May 22, 2018, he filed this lawsuit against the United States of America ("Defendant"), alleging that his business had been permanently disqualified from participating in SNAP. Pursuant to 7 U.S.C. § 2023(a)(13), he requests a *de novo* judicial review of the Final Agency Decision on the disqualification from SNAP. (*Id*.). Upon being served with process,

Defendant responded to the complaint by filing a motion to dismiss, asserting: (1) that the Court lacks subject matter jurisdiction because the lawsuit was not timely filed; and (2) that Plaintiff fails to state a claim for relief. (*See* Docket No. 13). The initial case management conference was cancelled pending a ruling on the motion. By Memorandum and Order entered August 5, 2019, the Court denied Defendant's motion (as one for summary judgment) without prejudice to being refiled. (*See* Docket Nos. 23 and 24).

Although Plaintiff's lawsuit was filed with the benefit of counsel and although counsel responded to the motion to dismiss, Plaintiff's counsel filed a motion to withdraw on April 18, 2019, asserting that counsel was unable to contact Plaintiff. (*See* Docket No. 20). By Order entered August 8, 2019, the motion to withdraw was granted, and Plaintiff was given until September 6, 2019 to either (1) retain new counsel, as evidenced by the entry of an appearance on behalf of Plaintiff, or (2) notify the Court of his intention to proceed *pro se*. (*See* Docket No. 25 at 1). Further, because of a lack of clarity as to whether Plaintiff's business was operating as a sole proprietorship or a corporate entity, the latter of which would require counsel to represent the corporation, Plaintiff was also required to demonstrate by the September 6, 2019 deadline that he legally operates as a sole proprietorship and is the real party in interest. (*Id.*). Plaintiff was specifically advised that his failure to comply with the Court's directives would result in a recommendation for dismissal of the case. (*Id.* at 2).

The Clerk was directed to send a copy of the August 8, 2019 Order to Plaintiff at the address that was listed in the complaint for Plaintiff's business, which is the only address of record for Plaintiff. (*Id.*). However, the docket reflects that copies of the order sent to Plaintiff

at the address that he provided in his complaint were returned as undeliverable with the notations "attempted not known" and "unable to forward." (*See* Docket Nos. 26 and 27).

## II. ANALYSIS

Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order." One of the sanctions set forth in Rule 37(b)(2) includes the sanction of "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant its dismissal. As indicated by the return of the Court mail that was sent to Plaintiff, his whereabouts are unknown and the Court does not have a good mailing address for him. As a result, the Court cannot communicate with Plaintiff and he is unaware of the Court's directives or the progression of the case. His lack of communication with former counsel led to counsel being permitted to withdraw, and Plaintiff now proceeds *pro se*. However, the case cannot proceed with an absent plaintiff.

Although the Court recognizes Plaintiff's status as a *pro se* litigant affords his with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case upon the withdrawal of counsel. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to adhere to court-imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same).

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned respectfully RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Rules 16(f) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge